Nancy Anne SPANGLER, by her father
and next friend, James E. Spangler,
Jr., et al., Plaintiffs-Appellees,

and

Sharon Hughes Spangler, etc., et al.,
Plaintiffs-Intervenors-Appellees,

and

United States of America,
Plaintiff-Intervenor-Appellee,

v.

PASADENA CITY BOARD OF EDUCA-
TION et al., Defendants-Appellants.

Nos. 77-2902, 77-2941 and 78-2266.

United States Court of Appeals,
Ninth Circuit.

Sept. 20, 1979.

The concurring opinion of Judge Kennedy
is amended as follows:

On slip op. page 1984, at the second line
of the right-hand column, insert after
*"See"* the following: *Personnel Adminis-
trator of Massachusetts v. Feeney,* —— U.S.
——, ——, 99 S.Ct. 2282, 60 L.Ed.2d 870

(1979) (" 'Discriminatory purpose,' however, implies more than intent as volition or intent as awareness of consequences."); *Columbus Board of Education v. Penick*, —— U.S. ——, 99 S.Ct. 2941, 61 L.Ed.2d 666 (1979).

On slip op. page 1981, at the last line of the left-hand column, insert before "Especially" the following: *See generally Columbus Board of Education v. Penick*, —— U.S. ——, ——, 99 S.Ct. 2941, 61 L.Ed.2d 666 (1979) (Powell, dissenting).

On slip op. page 1986, at the twenty-fourth (24th) line of the left-hand column, delete all text from the word "Assuming" to the word "record," (which is the last word of the paragraph preceding headnote ten (10)) and insert the following:

We assume that the Equal Educational Opportunities Act of 1974 is applicable to this case, *cf. United States v. Hinds County School Board*, 560 F.2d 619 (5th Cir. 1977), and is a valid exercise of congressional power. We have concluded the district court erred in finding the Board was likely to engage in new acts of discrimination. This holding undermines the basis for any argument that section 1718 requires retention of jurisdiction in this case.

The United States also argues that 20 U.S.C. § 1705 justifies retention of jurisdiction and continuing injunctive relief. The statute does contain an express congressional recognition that neighborhood school assignments should not be used to give effect to discriminatory strategic site selection. On the other hand, the Act also indicates that, absent a finding of illicit purpose on the part of a school board, student assignment on a neighborhood schools basis is to be encouraged, not condemned. *See* 20 U.S.C. §§ 1701(a)(1) & (2), 1705, 1707, 1713, 1714. This position is completely consistent with relevant Supreme Court doctrine. See slip op. p. 1983, *supra*. If the school board at some future date adopts an assignment plan which violates section 1705, or which reinstates policies underlying discriminatory site selection, or which

in any other respect is alleged to be the renewal of a purpose to segregate students on a prohibited basis, then a civil action can be commenced to correct the alleged violation, and upon a finding that a violation exists, a remedial decree would be entirely proper. Nothing in this opinion forecloses the possibility of such future action. To the extent the district court found, however, that if released from its jurisdiction the Board intended to adopt a neighborhood schools policy which would violate the mandates of section 1705, such a finding is clearly erroneous.